UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

J. ALBERT & SON (USA) INC., LIDO MUSIC
INC., and SOMERSET SONGS
PUBLISHING INC.,

    Plaintiffs,

v.                                                Case No.  6:12-cv-778-Orl-18TBS

HIGHWAY 46 HOLDINGS, LLC and
DONALD J. HACHENBERGER,

    Defendants.
_____

## ORDER

Pending before the Court is Plaintiffs' Motion to Propound Discovery (Doc. 14). Plaintiffs' complaint alleges claims of copyright infringement based upon Defendants' public performances of six copyrighted musical compositions at Defendants' establishment known as the Garage Bar. (Doc. 1). Plaintiffs seek leave of Court to propound discovery in advance of the case management conference required by Local Rule 3.05(c)(2)(B) and the filing of the case management report required by Rule 26(f) Fed.R.Civ.P. As grounds, Plaintiffs assert their belief that Defendants are intentionally delaying the prosecution of this case. (Id.) Defendants oppose the motion. (Doc. 15).

Federal Rule of Civil Procedure 26(d) states, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or be court order."  In this case, no rule

26(a)(1)(B) exception or rule applies and Defendants oppose expedited discovery. Consequently, Plaintiffs may only obtain expedited discovery by Court order.

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice.  Fed.R.Civ.Proc. 26(d).  Pursuant to Rule 26(b), courts may order discovery of any relevant matter for good cause.  Faced with a request for early discovery, courts generally consider whether a plaintiff has shown "good cause" for the early discovery.  Patrick Collins, Inc. v. Does 1-1219, No. C10-04468LB, 2010 WL 5422569, *2 (N.D. Cal. Dec. 28, 2010) (collecting cases and standards); Arista Records, LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008) (noting "overwhelming number of cases where courts have routinely applied the 'good cause' standard and permitted expedited discovery").

Here, Plaintiffs have not made a prima facie showing by evidence, of copyright infringement, or suggested any risk that Defendants will destroy evidence prior to the conference.  UMG Recordings, Inc. v. Doe, No. C08-1193SBA, 2008 WL 4104214, *4 (N.D. Cal. 2008).  Plaintiffs have also failed to specify the discovery they wish to propound and therefore, have not demonstrated a central need for the information to advance their asserted claims.  Sony Music Entertainment v. Does 1-40, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y 2004).

Accordingly, Plaintiffs have not made the requisite showing of good cause and Plaintiffs' Motion to Propound Discovery (Doc. 14) is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on August 13, 2012.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel